UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
HARDIN INVESTMENTS LTD.,                                     :
                                                             :  **MEMORANDUM**
                                       Plaintiff,            :  **DECISION AND ORDER**
                                                             :
              - against -                                    :  14 Civ. 5890 (BMC)
                                                             :
GLOBEX KOSHER FOODS, a/k/a GLOBEX                            :
KOSHER FOODS, INC., INTERNATIONAL                            :
GLATT a/k/a INTERNATIONAL MEAT                               :
PROCESSING CORP. and ABRAHAM                                 :
CHAIMOVITZ,                                                  :
                                                             :
                                       Defendants.           :
------------------------------------------------------------ X

**COGAN**, District Judge.

    Plaintiff financed the importation of Kosher beef by defendants, the sale of which was supposed to pay off the financing. The product was stored in plaintiff's name so as to maintain its security interest but defendants had access to the product so that it could be sold. Plaintiff commenced this diversity action alleging that defendants had failed to account for its sales of the product and to repay the financing, and that they owed plaintiff $1,623,508.44. Defendants moved to compel arbitration before a Beth Din pursuant to an arbitration clause in the parties' agreement and I granted that motion over plaintiff's objection. Prior to commencing the arbitration, the parties entered into a submission agreement which further defined the scope of the arbitration.

    Plaintiff then substantially prevailed in the arbitration and has now moved to confirm the award in the amount of $1,450,161.93. Its award, entitled "Rabbinical Court Ruling," specifically references this litigation: "Re: claim about debt, and the lawsuit filing in secular

court, no. 14-cv-5890-BMC." As translated from the Hebrew, it specifically found the following:

> 1. The loan sum was $1,653,361 and the payments [sic] sums were $203,199.07.
>
> 2. Being that a *Heter Isska* [literally, "agreement for interest," *i.e.*, a separate agreement to pay interest, which is required under *Halachic* law] was indeed not entered into . . . it is prohibited to pay/receive any interest on the loan amount.
>
> 3. Therefore, the installments they [defendant] provided [paid] goes on account of the principal, and Party B [defendants] must pay the sum of $1,450,161.93; accordingly, Party A must act to correct the judgement [sic; should be translated as "demand"] in secular court to this sum, and that going forward, no interest should be added.
>
> 4. Going forward, it is appropriate for Party B to arrange for a proper and correct *Heter Isska* . . . .
>
> 5. Over any dispute relating to the above, the parties shall return to Rabbinical Court.

Defendants oppose the motion to confirm on two grounds, neither of which have merit. First, defendants claim there is no jurisdictional grant in the arbitration agreement to permit entry of judgment and one is required under the Federal Arbitration Act, 9 U.S.C. §§ 9 *et seq*. However, the submission agreement provides that "[t] parties submit themselves to the personal jurisdiction of the State of New York and/or in any court of competent jurisdiction for any action or proceeding to confirm or enforce a decree of the arbitrators pursuant to Article 75 of the New York Civil Practice Law and Rules." Since diversity is present here; this Court is a "court of competent jurisdiction;" and the transaction indisputably affects interstate and indeed international commerce, the parties' agreement to this provision is sufficient to invoke the FAA and permit confirmation of the award. See Paley Assocs., Inc. v. Universal Woolens, Inc., 446 F. Supp. 212 (S.D.N.Y. 1978).

Defendants' second argument is that they have moved before the Beth Din to allow a payout over time of the award rather than having to pay it at once, and the arbitrators have agreed to hear that request. However, the definition of a confirmable award under the FAA is based on whether the award is final, and "an award is final if it resolves the rights and obligations of the parties definitively enough to preclude the need for further adjudication with respect to the issue submitted to arbitration." Ecopetrol S.A. v. Offshore Expl. & Prod. LLC, 46 F. Supp. 3d 327, 336 (S.D.N.Y. 2014) (citing Rocket Jewelry Box, Inc. v. Noble Gift Packaging, 157 F.3d 174, 176 (2d Cir.1998) (per curiam)). Since the arbitrators' award is final, defendants' argument presents no impediment to confirming the award. Indeed, the arbitrators clearly contemplated confirmation of the award, as they directed plaintiff to return to this Court and amend the *ad damnum* clause in the complaint so that interest would not be awarded.

Whether the Beth Din, having rendered its final award, retains authority to impose a payment schedule, see generally, T. Co. Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 342 (2d Cir. 2010) ("The *functus officio* doctrine dictates that, once arbitrators have fully exercised their authority to adjudicate the issues submitted to them, their authority over those questions is ended … .) (internal quotation omitted), and, if so, whether this Court should enter an Order limiting execution of the judgment in accordance with a payment schedule, are not matters presently before me.

Plaintiff's motion to confirm the arbitration award is granted.  The Clerk is directed to enter judgment in favor of plaintiff and jointly and severally against defendants in the amount of $1,450,161.93, provided, however, that no post-judgment interest shall accrue on this judgment.

**SO ORDERED.**

                                                                         U.S.D.J.

Dated: Brooklyn, New York
        January 27, 2016